ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ALBERTO ASTOR DE JESÚS<br><br>Parte Apelada<br><br>v.<br><br>AWILDA AROCHO HERRERA<br><br>Parte Apelante | KLAN202400273 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm.:<br>C AC2017-109<br><br>Sobre:<br>Incumplimiento de Contrato, Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de abril de 2024.

La parte apelante, señora Awilda Arocho Alicea (Sra. Arocho Alicea), solicita que revoquemos una sentencia emitida el 19 de enero de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo. En su escrito, la Sra. Arocho Alicea nos informó que el TPI notificó a las partes la referida sentencia el 26 de enero de 2024. Sin embargo, ésta no incluyó en el apéndice de su recurso la boleta de notificación de la sentencia que interesa que revisemos, sino que adjuntó copia de una boleta que corresponde a una orden emitida y notificada el 26 de enero de 2024.

Ante ello, y a los fines de constatar nuestra jurisdicción, corroboramos en el Sistema de Consulta de Casos del Poder Judicial y en registro de transacciones para tribunales, Sistema TRIB. De éstos surge que la sentencia emitida el 19 de enero de 2024, aquí apelada, fue notificada a las partes el 22 de enero de 2024.

Del tracto procesal surge, además, que el 9 de febrero de 2024 - cuando ya había transcurrido el término jurisdiccional de quince

(15) días desde la notificación de la sentencia - la señora Arocho Alicea solicitó al TPI la reconsideración de la sentencia. El 16 de febrero de 2024, notificada el 22 de febrero de 2024, el TPI dictó una orden mediante la cual dispuso *no ha lugar* a la solicitud de reconsideración. [1] La Sra. Arocho Alicea instó el presente recurso de apelación el 21 de marzo de 2024.

Evaluado el recurso, desestimamos el mismo por falta de jurisdicción, al haberse presentado de forma tardía.

## I.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[2] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional, pues una sentencia dictada sin jurisdicción es nula.[3] Cónsono con ello, el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[4]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[5] Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a así declararlo y desestimar el recurso, sin entrar en los méritos de la controversia.[6] Cónsono con ello, la Regla 83 del Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.[7]

---

[1] Apéndice del recurso, pág. 26.
[2] *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 394 (2022); *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020).
[3] *Metro Senior v. AFV,* 209 DPR 203, 208-209 (2022); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018).
[4] *Ruiz Camilo v. Trafon Group, Inc.,* supra.
[5] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).
[6] *Rivera Marcucci v. Suiza Dairy Inc.,* 196 DPR 157, 165 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).
[7] 4 LPRA Ap. XXII-B, Regla 83.

Por su parte, la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(a), al igual que la Regla 13 (A) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13 (A), concede a las partes un término jurisdiccional de treinta (30) días para instar un recurso de apelación ante nos. Dicho término se cuenta a partir del archivo en autos de copia de la notificación de la sentencia dictada por el Tribunal de Primera Instancia.

Sin embargo, existen remedios posteriores a la sentencia que podrían tener el efecto de interrumpir dicho término, si la moción a tales efetos se presenta de forma oportuna y de acuerdo con la Regla de Procedimiento Civil aplicable. Según el inciso (e) de la Regla 52.2, 32 LPRA Ap. V, R. 52.2(e), entre los remedios que pueden tener el efecto de interrumpir el término para apelar se encuentra la oportuna presentación de una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil. El referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de la orden que resuelva la moción de reconsideración. *Íd.*

En específico, la Regla 47 de Procedimiento Civil, *supra*, concede a la parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia, la oportunidad de presentar una moción de reconsideración dentro del término de quince (15) días desde la fecha de la notificación de la orden, resolución o sentencia. La solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que se estima deben reconsiderarse. Regla 47 de Procedimiento Civil, *supra*.

Si se trata de una sentencia, el referido término de quince (15) días es de carácter jurisdiccional.[8] Es norma conocida que un término jurisdiccional es "fatal, improrrogable e insubsanable,

---

[8] *Simons y otros v. Leaf Petroleum Corp. y otros,* 209 DPR 216, 224 (2022).

rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse".[9] En cambio, el plazo para solicitar reconsideración de una orden o resolución es de cumplimiento estricto, lo que significa que puede ser prorrogado por justa causa.[10]

En cuanto a la interrupción del término para ir en revisión al foro apelativo intermedio, la referida regla procesal indica que "[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". Regla 47 de Procedimiento Civil, *supra.*

A su vez, para que una moción de reconsideración interrumpa el término para que las partes recurran al foro apelativo intermedio, ésta debe presentarse de manera oportuna.[11] En esa línea, el Tribunal Supremo resolvió en *Dumont v. Inmobiliaria Estado, Inc.[12]*, que los tribunales pueden enmendar sustancialmente sus sentencias siempre que éstas no hayan advenido finales y firmes, y el tribunal actúe por motivo de una moción de reconsideración oportunamente presentada y acogida para su consideración según la Regla 47 de Procedimiento Civil, *supra.*

Sin embargo, el Tribunal Supremo ha reconocido, como excepción, que un tribunal puede considerar una moción de reconsideración tardía cuando lo que ésta plantea sea de tal envergadura que sería un fracaso de la justicia ignorarlo. Ahora bien, para que los tribunales puedan acoger la moción de reconsideración fuera del término jurisdiccional se tiene que

---

[9] *Insular Highway v. A.I.I. Co,* 174 DPR 793, 805 (2008).
[10] *Simons y otros v. Leaf Petroleum Corp. y otros,* supra; *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 7 (2014); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013).
[11] *Morales y otros v. The Sheraton Corp.,* supra, pág. 8.
[12] 113 DPR 406, 413 (1982), seguido en *Insular Highway v. A.I.I. Co,* supra, pág. 806.

KLAN202400273                                                          5

cumplir con la normativa aplicable a las mociones de relevo, según la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.[13] Lo anterior no afecta la facultad de los tribunales para reconsiderar sus determinaciones *motu proprio* siempre que tengan jurisdicción para hacerlo. Esto es, siempre que sus decisiones no hayan advenido finales y firmes.[14]

**II.**

En el presente caso, el TPI emitió la sentencia apelada el 19 de enero de 2024, y la notificó el 22 de enero de 2024. Por consiguiente, el término jurisdiccional de quince (15) días, contados a partir de la notificación de la sentencia, para solicitar al TPI la reconsideración de dicha determinación vencía el 6 de febrero de 2024. La Sra. Arocho Alicea presentó su moción de reconsideración el 9 de febrero de 2024, pasado el referido plazo improrrogable de quince (15) días. En virtud de lo anterior, concluimos que dicha moción de reconsideración resultó tardía y no tuvo el efecto de interrumpir el término jurisdiccional de treinta (30) días para apelar ante este foro apelativo.

Así también, debido a que la presentación de la moción de reconsideración resultó tardía, la actuación del TPI sobre dicha moción – mediante orden emitida el 16 de febrero de 2024, y

---

[13] La Regla 49.2 de Procedimiento Civil, *supra,* dispone que:
> Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) Error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia sustancial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en la que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

[14] *Insular Highway v. A.I.I. Co,* supra, págs. 806-807.

notificada el 22 de febrero de 2024 - resultó inoficiosa para computar el mencionado término jurisdiccional de treinta (30) días para apelar.

Por otro lado, la moción de reconsideración de la Sra. Arocho Alicea tampoco puede considerarse como una solicitud de relevo, pues ésta no cumple con los requisitos dispuestos en la Regla 49.2 de Procedimiento Civil, *supra.*

Ante este escenario, habiéndose notificado la sentencia aquí impugnada el 22 de enero de 2024, el término jurisdiccional para recurrir en apelación ante este foro, al no ser interrumpido oportunamente, venció el 21 de febrero de 2024. La Sra. Arocho Alicea incoó el presente recurso el 21 de marzo de 2024, cuando ya había expirado el plazo jurisdiccional disponible para ello. Por tal razón, nos encontramos privados de jurisdicción para examinar los méritos de su reclamación. Consecuentemente, estamos obligados a desestimar el recurso.

### III.

A la luz de lo antes expuesto, desestimamos el recurso presentado por tardío.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones